UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
VINCENT ROGGIO,                                    :
:
                Plaintiff,              :       Civil Action No. 10-777 (JAP)
   v.                                              :
:       **OPINION**
McELROY, DEUTSCH, MULVANEY &  :
CARPENTER, LLP.; LOUIS A.                   :
MODUGNO, ESQ.; ANTHONY Z.               :
EMMANOUIL; EUGENIA K.                       :
EMMANOUIL; and JOHN DOES 1-10,  :
:
                Defendants.          :
_____ :

PISANO, District Judge:

      Presently before the Court is Plaintiff Vincent Roggio's Motion for Remand to the Superior Court of New Jersey, Law Division, Monmouth County, and Defendants McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC"), Louis A. Modugno, Esq., Anthony Z. Emmanouil, and Eugenia K. Emmanouil's Motion to Dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth more fully below, Plaintiff's Motion for Remand is denied, and Defendants' Motion to Dismiss is granted.

    I.    Background

      On March 7, 2006, the Emmanouils instituted an action in this Court against Roggio styled *Anthony Z. Emmanouil, Eugenia K. Emmanouil and West End Auto Supply v. Vincent Victor Roggio, Callie Lasch Roggio, Noved Real Estate Corp., and Jean Waklais*, Docket No. 06-1068 (the "District Court Action").  Compl. at 7.  The action is still pending and the Emmanouils are represented by MDMC.  After filing suit against Roggio, the Emmanouils and their son allegedly created a website under the domain name www.gibralter-granite.com that

1

included a link to a document containing a "computerized, complied criminal information report about Mr. Roggio obtained from a law enforcement agency" (the "rap sheet").  Compl. at 8.  The rap sheet allegedly published on the Emmanouils' website described charges against Roggio dating from 1973 that had been expunged by the Court of Common Pleas of Bucks County Pennsylvania on December 19, 1975.  Compl. at 9.

On May 25, 2006, Roggio filed an action in this Court against the Emmanouils styled *Vincent Roggio v. Anthony Z. Emmanouil, Eugenia K. Emmanouil, West Belt Auto Supply, Inc., and Concepcion Rojas & Santos, LLP*, Docket No. 06-2388.  This action was consolidated into Docket No. 06-1068 on July 24, 2006.  Docket No. 06-2388, Docket Entry No. 14.  On January 26, 2007, Roggio filed a motion for leave to file an amended complaint and a motion to seal all documents in support of his motion to amend on the basis that his moving papers contained confidential information related to his criminal history.  Docket No. 06-1068, Docket Entry No. 54 and 55.  On April 19, 2007, Magistrate Judge Tonianne J. Bongiovanni granted Roggio's motion to seal and denied his motion to amend without prejudice.  Docket No. 06-1068, Docket Entry No. 65 and 66.  In granting Roggio's motion to seal, Magistrate Judge Bongiovanni noted that "much of the material Defendant seeks to seal is already part of the public record, and therefore not properly sealable, however, it is not feasible to separate the available information from the sealable information that harms a legitimate private interest of Defendant."  Docket No. 06-1068, Docket Entry No. 66 at 5-6.

Roggio filed a motion to disqualify MDMC as counsel for the Emmanouils and West Belt Auto Supply on December 23, 2008, based upon MDMC's alleged violation of Rule of Professional Conduct 8.4.  Docket No. 06-1068, Docket Entry No. 115.  Specifically, Roggio alleged that the Emmanouils' son, who had been Roggio's attorney in an earlier unrelated matter,

2

had supplied MDMC with information protected by the attorney-client privilege, and that MDMC had used said confidential information in litigating the Emmanouils' case. *Id.* MDMC filed opposition to Roggio's motion on January 20, 2009. Docket No. 06-1068, Docket Entry No. 117. A copy of Roggio's rap sheet was included in the opposition as Exhibit E to the Declaration of Louis A. Modugno, Esq. ("Exhibit E"). *Id.* MDMC obtained the rap sheet from a filing made by Roggio's prior counsel earlier in the litigation. *Id.* Roggio's motion to disqualify MDMC was denied by Magistrate Judge Bonngiovani on May 5, 2009. Docket No. 06-1068, Docket Entry No. 130 and 131. In her opinion, Magistrate Judge Bonngiovani noted that while the Court had entered prior orders to seal, it "did so without ever defining the nature of the confidential information contained in the aforementioned documents." Docket No. 06-1068, Docket Entry No. 130 at 13. Magistrate Judge Bonngiovani then entered an order temporarily sealing Exhibit E and giving Roggio until May 22, 2009 to move to permanently seal Exhibit E. Docket No. 06-1068, Docket Entry No. 131. On May 22, 2009, Roggio filed his motion to permanently seal Exhibit E, as well as an appeal of Magistrate Judge Bonngiovani's decision denying his motion to disqualify MDMC. Docket No. 06-1068, Docket Entry No. 141 and 144. Roggio's motion to seal was granted on July 1, 2009. Docket No. 06-1068, Docket Entry No. 157. This Court affirmed Magistrate Judge Bonngiovani's order denying Roggio's motion to disqualify MDMC on November 23, 2009. Docket No. 06-1068, Docket Entry No. 193 and 194.

On January 20, 2010, Roggio filed a complaint in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0400-10, styled *Vincent Roggio v. McElroy Duetsch Mulvaney & Carpenter, LLP, Louis A. Modugno, Esq., Anthony Z. Emmanouil, Eugenia K. Emmanouil, and John Does 1-10*, alleging defamation and violation of Roggios's right to privacy stemming from the publication of Exhibit E. Docket No. 10-777, Docket Entry No. 1.

Defendants removed the action to this Court on February 17, 2010 pursuant to 28 U.S.C. §1441, *et seq*. *Id.* The defendants maintain that this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332, notwithstanding the common citizenship shared by Plaintiff, MDMC, and Modugno because, Defendants allege, MDMC and Modugno were fraudulently joined to this action in order to defeat diversity jurisdiction. *Id.* Roggio argues that this Court lacks subject matter jurisdiction and seeks remand to the Superior Court of New Jersey, Law Division, Monmouth County. Docket No. 10-777, Docket Entry No. 6.

II.   Standard of Review

      a.   Fraudulent Joinder

A defendant has a statutory right to remove a civil action from state court predicated on diversity of citizenship only when complete diversity between the parties exists. *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). The doctrine of fraudulent joinder provides an exception to the requirement of complete diversity. *Id.* at 215-16. A diverse defendant may remove despite the existence of a nondiverse defendant if it can show that the nondiverse defendant was joined solely to defeat diversity jurisdiction. *Id.* at 216. Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 32 (3d Cir. 1985)). Once a court has determined that joinder of a nondiverse defendant was fraudulent it may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* (quoting *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999)). When determining if joinder is fraudulent, a court may properly look outside the pleadings to identify "indicia of fraudulent joinder." *Id.* at 219. A

4

court is permitted to consider reliable evidence offered to support removal, including records from prior proceedings.  *Id.* at 220.

        b.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 1949 (quoting *Twombley*, *supra*, 550 U.S. at 570.)  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Fowler v. UPMC Shadyside*, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted).

III.    Discussion

Under New Jersey law "[a] statement made in the course of judicial, administrative, or legislative proceedings is absolutely privileged and wholly immune from liability."  *Hawkins v. Harris*, 141 N.J. 207, 213 (N.J. 1995).  The litigation privilege is necessary for the proper administration of justice.  *Id.* at 214

> The doctrine that an absolute immunity exists in respect of statements, even those defamatory and malicious, made in the course of proceedings before a court of justice, and having some relation thereto, is a principle firmly established, and is responsive to the supervening public policy that persons in such circumstances be permitted to speak and write freely without the restraint of fear of an ensuing defamation action, this sense of freedom being indispensable to the due administration of justice.
>
> *Id.* (quoting *Fenning v. S.G. Holding Corp.,* 47 *N.J.Super.* 110 (N.J. App.Div.1957)).

The absolute litigation privilege protects any statement "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."  *Id.* at 216 (quoting *Silberg v. Anderson,* 50 *Cal.*3d 205, 266 *Cal.Rptr.* 638, 786 *P.*2d 365 (1990)).

In this case, the publication of Roggio's criminal history was clearly made in a judicial proceeding by litigants authorized to do so by law.  The publication occurred in response to a motion to disqualify MDMC as counsel for the Emmanouils that was filed by Roggio in the

6

District Court Action, and MDMC was authorized by law to publish said criminal history because the information was not subject to a sealing order at the time of its publication. Further, MDMC submitted Roggio's criminal history to illustrate that it did not receive information from the Emmanouils' son that was protected by the attorney-client privilege. By producing the rap sheet, MDMC established that it had obtained the information from a filing made earlier in the District Court Action by Roggio's counsel. Finally, the rap sheet had "some connection or logical relation to the action" because it supported MDMC's contention that it had not received privileged information from the Emmanouils' son.

Because Roggio's defamation and violation of the right to privacy claims stemming from the January 20, 2009 publication of his criminal history are barred by the absolute litigation privilege, they will be dismissed with prejudice. Further, this Court concludes that Roggio named MDMC and Modugno as defendants in his state court action solely to defeat diversity jurisdiction, rendering the joinder of MDMC and Modugno fraudulent.

To the extent that Roggio is seeking to recover damages from the Emmanuoils flowing from the publication of his criminal history in 2006, Roggio's claim is barred by New Jersey law. N.J.S.A. 2A:14-3 mandates a one year statute of limitation period for defamation claims. The statute states "[e]very action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander." N.J.S.A. 2A:14-3. New Jersey courts have held that the one-year statute of limitation found in N.J.S.A. 2A:14-3 applies to claims arising out the publication of false or private facts no matter how those claims are presented in the pleadings. *Swan v. Boardwalk Regency Corp.*, 407 N.J. Super. 108, 122 (N.J. App. Div. 2009). The New Jersey Appellate Division has held false light and invasion of privacy claims premised on the same conduct as a defamation claim are logically equivalent to defamation claims and are

7

thus subject to the same one-year statute of limitation.  *Id.* at 122-23 ([n]either law nor logic justifies why Count Two of plaintiff's complaint labeled 'Defamation' should be subject to a one-year statute of limitations while his same claims re-labeled 'False Light/Invasion of Privacy' in Count Three should be governed by a longer limitations period").  Because Roggio's defamation and invasion of privacy claims arising out of the 2006 publication of his criminal history were brought nearly four years out of time, the claims are dismissed with prejudice.

IV.  Conclusion

For the reasons set forth above, Plaintiff's Motion for Remand is denied, and Defendants' Motion to Dismiss is granted.  An appropriate Order accompanies this Opinion.


                                                       /s/ JOEL A. PISANO
                                                     United States District Judge

Date:  April 14, 2010