
NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VINCENT ROGGIO, | : |
| Plaintiff, | : Civil Action No. 10-cv-0777 (JAP) |
| v. | : **OPINION** |
| McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP., *et al.*, | : |
| Defendants. | : |

PISANO, District Judge

Presently before the Court are two motions filed by Plaintiff Vincent Roggio. The first is a motion to void the Court's judgment entered in this matter on April 14, 2010 pursuant to Federal Rule of Civil Procedure 60(b)(4) [docket # 32]. During the pendency of Plaintiff's motion, he filed a motion for judicial notice advancing arguments in further support of his motion for relief under Rule 60(b)(4) [Docket # 35]. For the reasons set forth below, Plaintiff's motions are DENIED.

**I.   BACKGROUND**

On March 7, 2006, the Emmanouils instituted an action in this Court against Roggio styled *Anthony Z. Emmanoiul, Eugenia K. Emmanouil and West End Auto Supply v. Vincent Victor Roggio, Callie Lasch Roggio, Noved Real Estate Corp., and Jean Waklais*, Docket No 06-1068 (the "District Court Action"). Compl. at 7. The Defendants in the District Court Action are represented by Defendants McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC"). After

1

filing suit against Roggio, the Emmanouils and their son allegedly created a website under the domain name www.gibralter-granite.com, which included a link to a document containing a "computerized, compiled criminal information report about Mr. Roggio obtained from a law enforcement agency" (the "rap sheet"). Compl. at 9.

On May 25, 2006 Roggio filed an action in this Court against the Emmanouils styled *Vincent Roggio v. Anthony Z. Emmanouil, Eugenia K. Emmanouil, West Belt Belt Auto Supply, Inc., and Concepcion Rojas & Santos, LLP,* Docket No. 06-2388. This action was consolidated into Docket No. 06-1068 on July 24, 2006. Docket No. 06-2388, Docket Entry No. 14. On January 26, 2007, Roggio filed a motion for leave to file an amended complaint and a motion to seal all document in support of his motion to amend on the basis that his moving papers contained confidential information related to his criminal history. Docket No. 06-1068, Docket No. 54, 55. On April 19, 2007, Magistrate Judge Tonianne J. Bongiovanni granted Roggio's motion to seal and denied his motion to amend without prejudice. Docket No. 06-1068, Docket Entry No. 65, 66. In granting Roggio's motion to seal, Magistrate Judge Bongiovanni noted that "much of the material Defendant seeks to seal is already part of the public record, and therefore not properly sealable, however, it is not feasible to separate the available information from the sealable information that harms a legitimate private interest of Defendant." Docket No. 06-1068, Docket Entry No. 66 at 5-6.

Roggio filed a motion to disqualify MDMC as counsel for the Emmanouils and West Belt Auto Supply on December 23, 2008, based upon MDMC's alleged violation of Rule of Rule of Professional Conduct 8.4. Docket No. 06-1068, Docket Entry No. 115. Specifically, Roggio alleged that the Emmanouils' son, who had been Roggio's attorney in an earlier unrelated matter, had supplied MDMC with information protected by the attorney-client privilege, and that

MDMC had used said confidential information in litigating the Emmanouils' case. *Id*. MDMC filed an opposition to Roggio's motion on January 20, 2009, which included a copy of Roggio's rap sheep as an exhibit. Docket No. 06-1068, Docket Entry No. 117. MDMC obtained the rap sheet from a filing made by Roggio's prior counsel earlier in the litigation. *Id*. Roggio's motion to disqualify MDMC was denied by Magistrate Judge Bongiovanni on May 5, 2009. Docket No. 06-1068, Docket Entry No. 130, 131. In the Opinion, Magistrate Judge Bongiovanni noted that while the Court had entered prior orders to seal, it "did so without ever defining the nature of the confidential information in the aforementioned documents." Docket No. 06-1068, Docket Entry No. 130 at 13. Magistrate Judge Bongiovanni then entered an order temporarily sealing the Exhibit containing Roggio's rap sheet and giving Roggio until May 22, 2009 to move to permanently seal the Exhibit. Docket No. 06-1068, Docket Entry No. 131. On May 22, 2009, Roggio filed a motion to permanently seal the Exhibit and an appeal of Magistrate Judge Bongiovanni's decision denying his motion to disqualify MDMC. Docket No. 06-1068, Docket Entry No. 141, 144. Roggio's motion to seal was granted on July 1, 2009. Docket No. 06-1068, Docket Entry No. 157. This Court affirmed Magistrate Judge Bongiovanni's order denying Roggio's motion to disqualify MDMC on November 23, 2009. Docket No. 06-1068, Docket Entry No. 193, 194.

On January 20, 2010, Roggio filed a complaint in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0400-10, styled *Vincent Roggio v. McElroy Duetsch Mulvaney & Carpenter, LLP, Louis A. Modugno, Esq., Anthony Z. Emmanouil, Eugenia K. Emmanouil, and John Does 1-10,* alleging defamation and violation of Roggio's right to privacy stemming from the publication of the Exhibit containing his rap sheet. Docket No. 10-777,

Docket Entry No. 1. Defendants removed the action to the Court on February 17, 2010 pursuant to 28 U.S.C. §1441, *et seq*. *Id*.

On February 19, 2010, Defendants filed a motion to dismiss Roggio's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 10-777, Docket Entry No. 5. Subsequently, on February 22, 2010, Roggio filed a motion for remand to the Superior Court of New Jersey arguing that the Court lacked subject matter jurisdiction over the case because Roggio, MDMC and Modugno were all residents of New Jersey, thereby defeating diversity jurisdiction. Docket No. 10-777, Docket Entry No. 6.

On April 14, 2010, the Court granted Defendants' motion to dismiss and denied Roggio's motion for remand. Docket No. 10-777, Docket Entry No. 26, 27. This Court found that the claims against MDMC and Mudugno were barred by New Jersey's absolute litigation privilege and that MDMC and Mudugno were fraudulently joined by Roggio to defeat diversity jurisdiction. The Court also determined that Roggio's claims against the Emmanuoils were batted by the New Jersey statute of limitations. Docket No. 10-777, Docket Entry No. 26 at 6-7.

Roggio subsequently filed an appeal of the Court's decision dismissing his complaint with prejudice and denying his motion for remand. Docket No. 10-777, Docket Entry No. 28. The Third Circuit affirmed the Court's ruling, finding that because the publication of Roggio's criminal history was protected by New Jersey's absolute litigation privilege, "Roggio's claims against Defendants MDMC and Mudugno are 'wholly insubstantial and frivolous,'" and "[t]he District Court therefore did not err in determining MDMC and Mudugno were fraudulently joined, and it properly denied Roggio's Motion to Remand."[1] Docket No. 10-777, Docket Entry No. 31 at 3.

---

[1] The Third Circuit also affirmed the Court's finding that Roggio's claims against the Emmanuoils were barred by the applicable one-year statute of limitations. Docket No. 10-777, Docket Entry No. 31 at 3.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure Rule 60(b)(4) provides, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceedings [if] . . . the judgment is void." Fed. R. Civ. P 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id*.

The Third Circuit has held that "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction over the subject matter or the parties or entered 'a decree which is not within the powers granted to it by law.'" *Marshall v. Bd. of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978) (citation omitted). However, not any alleged jurisdictional error renders a judgment void, and finality requires that courts construe the concept of void judgment narrowly. *Id*. at 422, n. 19. Accordingly, "[w]hile absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction." *Id*. (citation omitted). A judgment is not void under Rule 60(b)(4) "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional." *Id*. "Thus . . . a judgment will be rendered void for lack of subject matter jurisdiction only where there is a 'total want of jurisdiction' or 'in the rare instance of a clear usurpation of power." *U.S. v. Zimmerman*, 491 Fed. Appx. 341, 344 (3d Cir. 2012) (citation omitted).

5

## III. DISCUSSION

### A. Motion Under Federal Rule of Civil Procedure 60(b)(4)

Plaintiff argues that the judgment entered by this Court on April 14, 2010 denying his motion for remand is void because the Court's finding of fraudulent joinder was erroneous and therefore the Court lacked subject matter jurisdiction over the case. Defendants argue that the Roggio's motion "is simply an improper motion for reconsideration, presenting the same factual and legal arguments that have been rejected by this Court and the Third Circuit on countless occasions." Docket No. 10-777, Docket Entry 33 at 2. The Court agrees with Defendants and finds that Roggio's motion is a clear attempt to relitigate matters already decided by this Court and affirmed by the Third Circuit.[2] Specifically, the Court found, and the Third Circuit affirmed, that "Roggio named MDMC and Modugno as defendants in his state court action solely to defeat diversity jurisdiction, rendering the joinder of MDMC and Modugno fraudulent." Docket No. 10-777, Docket Entry 26 at 7. The Court finds that Roggio has failed to demonstrate any error by the Court in its finding of subject matter jurisdiction over this action. Therefore no "total want of jurisdiction" or "clear usurpation of power" by the Court exists as required under Rule 60(b)(4). *Zimmerman*, 491 Fed. Appx. at 344. Accordingly, because Roggio's attempt to relitigate his claims and offer new arguments does not present a basis for vacating the Court's judgment, Roggio's motion pursuant to Rule 60(b)(4) is denied.

### B. Motion for Judicial Notice

While Roggio's Motion pursuant to Rule 60(b)(4) was pending, he filed a motion for judicial notice directing the Court's attention to a subsequent decision in the District of

---

[2] Although there is no time limit for moving to vacate a judgment as void under Rule 60(b)(4), the Court notes that Roggio is attempting to relitigate matters decided by the Court over three years ago. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) ("[N]o passage of time can transmute a nullity into a binding judgment, and hence there is no time limit for such a motion.").

Massachusetts. In the motion for judicial notice, Roggio states that the motion "is being submitted here in further support of the Rule 60(b)(4) Motion filed September 21, 2013 requesting that the Court's April 14, 2010 Order be vacated and remanded back to the State." Docket No. 10-777, Docket Entry 35 at 2. In his motion for judicial notice, Roggio continues to advance his arguments relating to his motion under Rule 60(b)(4) regarding issues already decided by this Court. Therefore, because Roggio's motion for judicial notice relates to arguments already advanced by Roggio in his Rule 60(b)(4) motion, it operates as an impermissible supplemental brief. Under Local Civil Rule 7.1(d)(6), sur-reply briefs are only permitted with permission of the Court, which Roggio neither requested nor obtained. In the absence of obtaining the Court's permission, the Court need not consider the party's supplemental submission and may strike it from the record. *See Slimm v. Bank of Am.*, 2013 WL 1867035, at *2 n. 10 (D.N.J. May 2, 2013).

Moreover, even if the motion for judicial notice does not operate as a supplemental brief, in light of the Court's ruling on Roggio's claims, the motion for judicial notice is moot. Accordingly, the motion for judicial notice is denied.

**IV.    CONCLUSION**

For the reasons stated above, Plaintiff's motion to void the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) [docket # 32] is DENIED and Plaintiff's motion for judicial notice [docket # 35] is DENIED. An appropriate Order accompanies this Opinion.

Date:  April 30, 2014                                          /s/ Joel A. Pisano
                                                               JOEL A. PISANO
                                                               United States District Judge